___

**SO ORDERED,**



**Judge Jason D. Woodard**

**United States Bankruptcy Judge**

The Order of the Court is set forth below. The case docket reflects the date entered.

___

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

| In re: | ) | |
|---|---|---|
| | ) | |
| CAROLYN DONTAE IVERY, | ) ) ) | Case No.:   20-10128-JDW |
| | ) | |
| Debtor. | ) | Chapter 13 |

## MEMORANDUM OPINION AND ORDER GRANTING DEBTOR'S CERTIFICATION AND MOTION FOR ENTRY OF CHAPTER 13 DISCHARGE PURSUANT TO 11 U.S.C. § 1328 (a) AND (b) (Dkt. # 37) AND OVERRULING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTIONS (Dkt. #44)

This matter came before the Court on the *Certification and Motion for Entry of Chapter 13 Discharge*[1] filed by the debtor Carolyn Dontae Ivery, the *Response to Certification and Motion for Entry of Discharge*[2] filed by the

---

[1] (Dkt. # 37).
[2] (Dkt. # 40).

1

chapter 13 trustee (the "Response"), the *Objection to Claim of Exemptions*[3] also filed by the trustee, and the debtor's *Response to Objection to Claim of Exemptions*.[4] A hearing was held on December 10, 2024, where counsel for both the trustee and the debtor appeared and presented argument, and the debtor testified. The parties were then given the opportunity to file briefs by January 10, 2025. Only the debtor filed a brief.[5]

The main issue is whether a confirmed chapter 13 plan may be modified after all plan payments have been made. This issue arises here because the debtor suffered a house fire after making all her plan payments but before entry of her bankruptcy discharge. She received insurance proceeds as a result of the fire, which the trustee contends are non-exempt property of the bankruptcy estate that should be distributed to creditors. The debtor argues that the plan may not be modified because she had made all her payments under the terms of the confirmed plan, and even if modification is permissible, the funds are exempt under Mississippi's homestead exemption.[6]

Having considered the evidence, the arguments, and relevant law, the Court concludes that the relevant Bankruptcy Code[7] provision prohibits

---

[3] (Dkt. # 44).
[4] (Dkt. # 48).
[5] (Dkt. # 49).
[6] Miss. Code Ann. § 85-3-23.
[7] "Bankruptcy Code" refers to 11 U.S.C. §§ 101-1532. Unless otherwise noted, all statutory references herein are to the Bankruptcy Code.

2

modification once the debtor makes all plan payments, and this plan was complete before the fire. The exemption question is therefore moot.

## I. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(a), and 1334, and the *United States District Court for the Northern District of Mississippi's Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 6, 1984. This is a core proceeding as set forth in 28 U.S.C. § 157(b)(2)(A), (B), (E), (J), and (O).

## II. FINDINGS OF FACT[8]

The material facts are best understood as a timeline. On January 10, 2020, the debtor filed her chapter 13 bankruptcy case.[9] Her plan was confirmed on May 7, 2020, and the confirmed plan provided for the payment in full of First Security Bank's claim, which was secured by the debtor's house.[10] The plan provided for no payments to nonpriority unsecured creditors and was not modified during its term. The debtor made all her payments, and on July 24, 2024, the trustee filed a Notice of Completion of Plan Payments.[11]

---

[8] To the extent any of the findings of fact are considered conclusions of law, they are adopted as such, and vice versa.
[9] (Dkt. # 1).
[10] (Dkt. # 22).
[11] The Notice of Completion of Plan Payment does not carry its own docket entry number but may be found between Dkt. ## 31 and 32.

On August 18, 2024, the debtor's house was destroyed by a fire.[12] She credibly testified that she spoke with her insurance agent the morning after the fire and informed her agent that while she had not yet been discharged from her bankruptcy case, she had made all of her payments due under the plan. After the debtor and the insurance company confirmed with the bank that her mortgage loan had been paid in full, the insurance company disbursed the insurance proceeds directly to the debtor.

On September 5, 2024, the debtor filed her Certification and Motion for Entry of Chapter 13 Discharge.[13] The Trustee's Final Report and Account was filed on September 10, 2024, which confirmed that debtor's case was complete on July 19, 2024.[14]

Sometime later, the trustee learned of the fire and the insurance proceeds. On September 30, the trustee filed the Response arguing that the insurance proceeds were non-exempt property of the bankruptcy estate that should be distributed to creditors.[15]

---

[12] There is some question whether the house could be considered the debtor's home under Mississippi's homestead exemption statute. Miss. Code Ann. § 85-3-23. She had moved out of the home eight years before the fire and was renting it to her nephew. The debtor credibly testified she had always intended to return to the home and was in the process of moving back in when the fire occurred. The Court never reaches the exemption issue, so no finding is necessary here.
[13] (Dkt. # 37).
[14] (Dkt. # 39).
[15] (Dkt. # 40).

## III. CONCLUSIONS OF LAW

Once a chapter 13 bankruptcy plan is confirmed, it becomes binding on all parties.[16] The plan may be modified, but only on the motion of a party-in-interest and approval by the bankruptcy court.[17] The modification option exists because circumstances may change during the life of the plan, and parties should have the ability to modify the plan accordingly.[18]

The trustee here has not yet filed a motion to modify, which would be required before the insurance proceeds could be distributed to creditors. Instead, the trustee has taken the more practical approach of raising the insurance issue through the Response. If successful, the trustee could then file a motion to modify. If not, the parties are spared the expense and time of responding to an additional motion.

The issue is timing, and the trustee's efforts must fail because it is now too late to seek a modification. Section 1329(a) of the Bankruptcy Code provides:

> (a) At any time after confirmation of the plan **but before the completion of payments under such plan**, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to—
>     (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
>     (2) extend or reduce the time for such payments; or

---

[16] 11 U.S.C. § 1327(a).
[17] 11 U.S.C. § 1329(a), (b)(2).
[18] *In re Meza*, 467 F.3d 874, 877 (5th Cir. 2006) (citing *In re Taylor*, 215 B.R. 882, 883 (Bankr. S.D. Cal. 1997)).

> (3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan; . . . [19]

Consistent with the plain language of 11 U.S.C. § 1329(a), the United States Court of Appeals for the Fifth Circuit has recognized that "it is largely undisputed" that a plan may not be modified once the debtor has completed payments under that plan.[20]  "[I]f a trustee could amend a Chapter 13 plan *after* the debtor completes his or her payments to the trustee, the mandatory nature of the discharge provision [11 U.S.C. § 1328] would be eviscerated."[21] Accordingly, the general rule is that if a debtor completes all plan payments before the trustee seeks modification, § 1329(a) bars the modification.[22]

There are caveats to the general rule.  A debtor could not hide assets and escape modification.[23]  For instance, the Fifth Circuit has held a debtor with an undisclosed litigation claim cannot hide the claim (which would be property of the bankruptcy estate) and then keep all the litigation proceeds after the

---

[19] 11 U.S.C. § 1329(a) (emphasis added).
[20] *Meza*, 467 F.3d at 878.
[21] *Id.* (alteration in original) (emphasis in original) (quoting *In re Casper*, 154 B.R. 243, 247 (N.D. Ill. 1993)).
[22] *Id.*
[23] 11 U.S.C. § 521(a)(1); *In re Coastal Plains, Inc.*, 179 F.3d 197, 207-08 (5th Cir. 1999) ("It goes without saying that the Bankruptcy Code and Rules [11 U.S.C. § 521(a)(1)] impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and unliquidated claims." (emphasis omitted)).

case is closed.²⁴ This caveat applies even if judicial estoppel is not raised as an issue.²⁵

Further, if a modification motion is timely filed, a debtor may not avoid modification by completing her payments before a hearing on that motion is held.²⁶ The Fifth Circuit addressed that issue in *Meza*, when the debtors received a lump sum of non-exempt disposable income following a tax refund.²⁷ After learning of the refund, the trustee filed a motion to modify the debtors' confirmed plan to increase the distribution to debtors' unsecured creditors.²⁸ After the motion was filed, but before the scheduled hearing, the debtors made an early lump sum payment of the full balance of the confirmed plan.²⁹ The debtors then filed an objection to the trustee's proposed modification, asserting that it was untimely.³⁰

---

²⁴ *In re Flugence*, 732 F.3d 126, 130 (5th Cir. 2013) ("Because [the debtor] had an affirmative duty to disclose her personal-injury claim to the bankruptcy court and did not do so, she impliedly represented that she had no such claim. . . . Had the court been aware of the claim, it may well have altered the plan."); *see also In re Johnson*, No. 05-38147-BJH-13, 2010 WL 3491187, at *2 (Bankr. N.D. Tex. Sept. 2, 2010) ("Where there is an undisclosed asset of the estate that was not administered or abandoned by the trustee, the claim remains property of the estate and may be administered when the case is reopened.") (quoting *In re Texas Wyoming Drilling, Inc.*, 422 B.R. 612, 633 n.25 (Bankr. N.D. Tex. 2010).
²⁵ *See In re Roberts*, 556 B.R. 266, 275 (Bankr. S.D. Miss. 2016) ("[T]he facts of the case at bar differ slightly from *Flugence* in that judicial estoppel was not raised by any of the defendants in the [litigation action]. The underlying holding, however, is directly on point to the case at bar. *Flugence* clearly holds that the Debtor had a duty to disclose the existence of the pre-petition [litigation action] in the bankruptcy case.") (citing *Flugence*, 732 F.3d at 130).
²⁶ *Meza*, 467 F.3d at 880.
²⁷ *Id.* at 876.
²⁸ *Id.*
²⁹ *Id.*
³⁰ *Id.*

7

The Fifth Circuit rejected that maneuver.[31] "Section 1329(a) provides a plan may be modified 'upon request' and 'before the completion of payments'; but, § 1329(b)(2) provides that the modified plan '*becomes the plan* unless, after notice and a hearing, such modification is disapproved.'"[32] The Fifth Circuit held that when read together, those subsections mandate that "when a modification request is timely filed, the completion of the plan and eventual discharge of the debtor is stayed until the bankruptcy court is allowed to consider the modification on its merits."[33] "A contrary result would encourage gamesmanship on behalf of debtors and prevent them from repaying creditors 'to the extent of [their] capabilit[ies].'"[34]

But there was none of that here. All events leading to the insurance claim occurred after the debtor had made her last plan payment. She made her final payment on July 19, the fire occurred on August 18, and she received the insurance proceeds sometime thereafter. No motion to modify was pending when that last payment was made because nothing had occurred that would give rise to a modification.

---

[31] *Id.* at 880.
[32] *Id.* (emphasis in original)
[33] *Id.*
[34] *Id.* (alteration in original) (quoting *In re Arnold*, 869 F.2d 240, 242 (4th Cir. 1989)).

## IV. CONCLUSION

The plain language of 11 U.S.C. § 1329(a) and Fifth Circuit precedent make clear that modification cannot occur here. The general rule provided in the statute and recognized by the Fifth Circuit applies: the plan may not be modified after the last plan payment is made.[35] There was no gamesmanship that would justify departing from the general rule. The debtor completed her plan payments before the fire and before she received the insurance proceeds. Any modification request would be untimely, and the plan may not be modified. The trustee cannot reach the insurance proceeds due to the timing of the fire, so the exemption issue is moot. Accordingly, it is hereby

**ORDERED**, **ADJUDGED**, and **DECREED** that the *Debtor's Certification and Motion for Entry of Chapter 13 Discharge Pursuant to 11 U.S.C. § 1328 (a) and (b)* (Dkt. # 37) is **GRANTED**, and *Objection to Debtor's Claim of Exemptions* (Dkt. # 44) is **OVERRULED** as moot.

##END OF ORDER##

---

[35] 11 U.S.C. § 1329(a); *Meza*, 467 F.3d at 877.